CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED

NOV 0 4 2005

JOHN F. CORCORAN, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

SAMUEL J. LOVEN, )
   Plaintiff, )
    )
v. ) Civil Action No. 2:04cv00108
    ) **MEMORANDUM OPINION**
    )
    )
ALBERT F. ROMANOWSKI JR., )
   Defendant. ) By: GLEN M. WILLIAMS
    ) Senior United States District Judge

     The plaintiff, Samuel J. Loven, filed a complaint to recover damages he alleges to have suffered as a result of being defamed by the defendant, Albert F. Romanowski Jr. This matter is before the court on Romanowski's motion for summary judgment filed August 25, 2005. (Docket Item No. 15.) Attached to Romanowski's motion were excerpts of Loven's written discovery responses and the transcript of Loven's deposition taken in this matter. Loven has filed no written arguments and offered no evidence in opposition to Romanowski's motion. The court has heard arguments by the respective parties and will now render its decision on Romanowski's motion for summary judgment. This court has diversity jurisdiction to decide this matter under 28 U.S.C. §§ 1332 and 1441.

*I. Facts*

     This case was originally filed in the Circuit Court of Scott County but was removed to this court by Romanowski. The uncontradicted facts are taken from the

pleadings and the evidence offered by Romanowski in support of his motion. In 2001, Loven was charged with aggravated assault on Romanowski and was convicted. Loven now alleges that Romanowski made a defamatory statement about him while testifying at Loven's criminal trial. Apparently, Romanowski also had brought a civil suit against Loven regarding the aggravated assault charge, and Romanowski later recovered a verdict of $ 30,000.00. One of the alleged defamatory statements was made when Romanowski was questioned by the prosecutor at the criminal trial. During Romanowski's testimony, at the criminal trial, he was asked by the prosecutor about the civil suit he had subsequently filed and about Loven's prior acts of violence. Romanowski said that he "felt like [Loven] had done this in the past.[1]"

Loven also claims that he was further defamed in 2004, when Romanowski confirmed, during a deposition in his civil suit against Loven, that he indeed made the aforementioned statement in his 2001 criminal trial testimony. During Romanowski's deposition, Loven, who at the time was representing himself pro se, asked Romanowski "you're sure you told the court that 'I felt Mr. Loven had done this before in the past,'" and Romanowski responded, "Uh-huh."

## II. Standard of Review

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is

---

[1] This statement refers to the founded or unfounded belief and/or rumor, held or known by Romanowski, that Loven had committed aggravated assault in the past.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from those facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995); *Miltier v. Beorn*, 896 F.2d 848, 850 (4th Cir. 1990); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364-65 (4th Cir. 1985); *Cole v. Cole*, 633 F.2d 1083, 1092 (4th Cir. 1980). Loven is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson*, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. *Anderson*, 477 U.S. at 248.

### III. Choice of Law

When a matter is removed to a federal court under 28 U.S.C. § 1441, and the basis for removal is diversity jurisdiction under 28 U.S.C. § 1332, the federal court must apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938). The court must also apply the situs state's choice of law

rules. *See Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941). This court sits in Virginia, and Virginia is a traditional *lex loci* choice of law state, meaning the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 231 Va. 370, 376 (1986). Since the alleged publication of the defamation occurred in Tennessee, Tennessee's defamation principles will be applied by this court. Virginia also follows the traditional principles of *lex fori*, which means that the procedural law of the state where the action is brought governs, therefore, this court sitting in Virginia will apply Virginia's statute of limitations. *See Frye,* 231 Va. at 367.

### IV. Trial Testimony is Privileged

Romanowski argues that his statements, which were made under oath, during trial testimony, and later under oath during a deposition, are absolutely privileged. (Memorandum In Support of Motion For Summary Judgment, ("Romanowski's Brief"), at 6.) Under Tennessee law, "statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy" *Lambdin Funeral Serv. Inc. v. Griffith,* 559 S.W.2d 791, 792 (Tenn. 1978); also

> [A] witness in the box is absolutely privileged in answering all the questions asked him by counsel on either side; and, even if he volunteers an observation (a practice much to be discouraged), still, if it has reference to this matter in issue, or fairly arises out of any question asked him by counsel, though only going to his credit, such observation will also be privileged.

-4-

Case 2:04-cv-00108-GMW-PMS    Document 21    Filed 11/04/05    Page 4 of 7    Pageid#: 115

*Cooley v. Galyon,* 70 S.W. 607, 609 (Tenn. 1902). Furthermore, this absolute judicial immunity applies even when the statements, which are made during the course of trial testimony, are corrupt and malicious. *See Lambdin Funeral Serv.,* 559 S.W.2d at 792.

Clearly, under Tennessee law, the statements made by Romanowski during his testimony in Loven's criminal trial for aggravated assault are absolutely immune from liability for defamation. That only leaves the "uh-huh" response made by Romanowski during his deposition testimony in his civil case. Logically, deposition testimony also should be afforded the same absolute privilege as trial testimony, and deposition testimony and statements made in other discovery devices have been afforded such a privilege by many other courts. *See Heavrin v. Nelson,* 384 F.3d 199, 203 (6th Cir. 2004); *Marshall v. Am. Fed'n of Gov't Employees, AFL-CIO,* 996 F. Supp. 1319 (W.D. Okla. 1997); *Sipple v. Found. For Nat. Progress,* 71 Cal. App. 4th 226 (2nd Dist. 1999); *Buschbaum v. Heriot,* 5 Ga. App. 521 (1909); *Middlesex Concrete Prod. & Excavating Corp., v. Carteret Indus. Asso.,* 68 N.J.85 (1961); *O'Brien v. Alexander,* 898 F.Supp. 162 (1995, S.D.N.Y.); *Beezley v. Hansen,* 4 Utah 2d 64 (1955). Yet this court could not find specific precedent that explicitly states that Tennessee affords such a privilege to deposition testimony. However, even though there is lacking an explicit statement by the Tennessee courts, Tennessee affords such protection to "relevant and pertinent" statements made in judicial proceedings. *See Lambdin Funeral Serv.,* 559 S.W.2d at 792. Since a deposition is a judicial proceeding, and the statement was obviously "relevant and pertinent," this court will hold that it also should be afforded absolute immunity from liability under Tennessee law.

In summation, Loven alleged that he was defamed by a statement that he elicited from Romanowski during a deposition. As such, this statement clearly was "relevant and pertinent" to the proceeding and, therefore, should be protected by an absolute immunity from civil liability. If not, a plaintiff could haul a defendant into depositions and simply ask the defendant, under oath, a leading question, which necessarily requires a defamatory answer and then make the defamatory answer the basis of a lawsuit. This is an absurdity, which the law should not allow. Therefore, the court holds that the second statement by Romanowski, where he uttered "uh-huh," in response to Loven's question during the deposition, also should be an absolutely privileged statement, which cannot give rise to liability. Thus, this court finds as a matter of law, that these two statements cannot be the basis of a defamation action because they are protected from liability by absolute privilege.

## V. The Statute of Limitations

As previously stated, Virginia is a traditional *lex fori* choice of law state. Therefore, the court will apply the procedural law of the situs state in which the law suit was brought. This civil defamation action was brought in the Western District of Virginia; therefore, Virginia's statute of limitations will apply.

Under Virginia Code Annotated § 8.01-247.1 (2005), the statute of limitations for a defamation action is one year. The first alleged defamatory statement was uttered by Romanowski during a criminal trial in 2001. This defamation suit was filed in 2004. Clearly, the statute of limitations has run, and this cause of action has accrued and cannot be maintained with regard to any statement made in 2001. Thus, this court finds as a matter of law that any defamation action based on Romanowski's

2001 statement is barred by the applicable statute of limitation. Since, it is clear from the body of this opinion as a matter of law that the alleged defamatory statements are both protected by the trial testimony privilege, and since, the 2001 statement is barred by the statute of limitations this court will not address the third issue raised by the defendant, which was whether the statements rose to the level as to be defamatory under Tennessee law.

*VI. Conclusion*

Therefore, for any and all of the reasons contained in this opinion Romanowski's motion for summary judgment will be sustained. An appropriate order will be so entered.

DATED: This 4th day of November, 2005.

*/s/ Glenn M. Williams*

---
SENIOR UNITED STATES DISTRICT JUDGE